ACCEPTED
03-13-00790-CV
6722412
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/31/2015 12:11:26 PM
JEFFREY D. KYLE
CLERK

## No. 03-13-00790-CV

### IN THE COURT OF APPEALS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

### FOR THE THIRD DISTRICT OF TEXAS

8/31/2015 12:11:26 PM

JEFFREY D. KYLE
Clerk

### AT AUSTIN

## T. MARK ANDERSON AND CHRISTINE ANDERSON, AS CO-EXECUTORS OF THE ESTATE OF TED ANDERSON

*Appellants/Cross-Appellees,*

**v.**

## RICHARD T. ARCHER, DAVID B. ARCHER, CAROL ARCHER BUGG, JOHN V. ARCHER, KAREN ARCHER BALL, AND SHERRI ARCHER

*Appellees/Cross-Appellants.*

## APPELLEES/CROSS-APPELLANTS' OPPOSITION TO MOTION TO WITHDRAW AND TO MOTION FOR CONTINUANCE

**Laurie Ratliff**
**State Bar No.  00784817**
**Frank N. Ikard, Jr.**
**State Bar No. 10386000**
**IKARD GOLDEN JONES P.C.**
**400 W. 15th St., Suite 975**
**Austin, Texas 78701**
**Telephone: (512) 472-6695**
**Telecopier: (512) 472-3669**
**laurieratliff@igjlaw.com**


**ATTORNEYS FOR APPELLEES/CROSS-APPELLANTS**

1

NO. 03-13-00790-CV

# IN THE COURT OF APPEALS

# FOR THE THIRD DISTRICT OF TEXAS

# AT AUSTIN

## T. MARK ANDERSON AND CHRISTINE ANDERSON, AS CO-EXECUTORS OF THE ESTATE OF TED ANDERSON

*Appellants/Cross-Appellees,*

**v.**

## RICHARD T. ARCHER, DAVID B. ARCHER, CAROL ARCHER BUGG, JOHN V. ARCHER, KAREN ARCHER BALL, AND SHERRI ARCHER

*Appellees/Cross-Appellants.*

## APPELLEES/CROSS-APPELLANTS' OPPOSITION TO MOTION TO WITHDRAW AND TO MOTION FOR CONTINUANCE

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellees/Cross-Appellants, Richard T. Archer, David B. Archer, Carol Archer Bugg, John V. Archer, Karen Archer Ball, and Sherri Archer (the Archer Family), respectfully file their *Opposition to Motion to Withdraw and to Motion for Continuance* and request that the Court deny both motions.

2

Despite having 28-days notice of the September 2, 2015, oral argument, Appellants waited until three business days before the setting to attempt to back out of the case using an unsupported medical excuse. Ex. A. Moreover, Appellants have had notice that the case would be submitted for oral argument since June 9, 2015, when the Court requested paper copies of the briefs. The court's website on that date indicated the case would be set for oral argument. Appellants' eleventh-hour attempt to delay the submission of this case should be denied.

Appellants filed their opening brief on November 6, 2014. Appellees/Cross-Appellants filed their combined brief, responding to Appellants' issues and also raising their issues on cross-appeal, on February 6, 2015.

Appellants missed the deadline to file their reply brief, and Appellants ultimately chose not to respond to Appellees/Cross-Appellants' cross-appeal. Appellants requested four extensions of time to file a cross-appellees' brief. This Court granted three of the requested extensions. Appellants, then failed to file their cross-appellees' brief within their requested deadline as set out in their fourth motion for extension of time. The Court then submitted the case and dismissed the fourth motion for extension of time as moot.

The Motion to Withdraw is the sole basis for the Motion for Continuance of oral argument. This court has discretion to deny a motion to withdraw and should exercise that discretion for the following reasons. *See* TEX. R. APP. P. 6.5.

3

First, the Motion to Withdraw is untimely filed. Appellants' counsel's decision to wait until three business days before the oral argument to serve his motion, with no supporting evidence or explanation for the late filing, is untimely as a matter of law.

Second, Appellants' Motion to Withdraw is not verified, supported by affidavit, or based on medical evidence. The sole basis for the Motion to Withdraw is a medical condition. According to Appellants' counsel, his "physical, mental, or psychological condition material impairs movant's fitness to represent Appellants" citing Texas Rule of Professional Conduct 1.15(a)(2). A medical condition requires medical proof to substantiate it, not simply a statement of the Rules of Professional Conduct Standard. Appellants' counsel's unverified statement in a motion is not proof and is beyond the bounds of Rule 10.2. *See* TEX. R. APP. P. 10.2.

Further, this is not the first time Appellants' counsel has raised a medical condition as an excuse to receive additional time from this Court. Ex. B. Appellants' counsel attached a doctor's letter to his Fourth Motion for Extension of Time filed in May 2015. Ex. B. Unlike Appellants' earlier motion for extension of time, however, Appellants' counsel attaches no doctor letter or other evidence and makes no argument that his condition has suddenly changed to support the last-minute request to withdraw.

Thus, Appellants' counsel has had four month's notice of the purported medical condition but choose to wait until the eve of oral argument after Appellees' counsel has devoted significant to time preparing for argument.

Third, the Motion to Withdraw is nothing more than a delay tactic as shown by Appellants' counsel's continued representation in the trial court. The appeal is not the only matter pending involving Appellants, Appellants' counsel, Appellees/Cross-Appellants, and Appellees/Cross-Appellants' counsel.

Because Appellants chose to not file bond to suspend enforcement of the Final Judgment, Appellees/Cross-Appellants were forced to pursue a receivership to protect their ability to collect the judgment if it is ultimately affirmed on appeal. The receivership proceeding is an on-going and litigious matter that has had numerous contested filings and hearings since December 2013. In fact, the district court entered an order in the trial court case on August 26, 2015.

Appellants' counsel, however, has not filed a motion to withdraw in the underlying trial court receivership matter. That Appellants' counsel has not withdrawn in the underlying and ongoing trial court receivership matter in this case, shows that the Motion to Withdraw in the appeal is nothing more than delay tactic.

Further, the Motion for Continuance is not the first time Appellants have tried to delay the submission of this appeal. Appellant Mark Anderson placed his mother (and half of the Estate) into bankruptcy in an effort to avoid collection efforts. This

Court had the parties respond to the bankruptcy filing. Ex. C. The bankruptcy court eventually dismissed the proceeding. Ex. D; 3rd Supp. CR843.

Appellees should not be penalized—in the form of further delay of submission—based on Appellants and Appellants' counsel's lack of planning and failure to act in timely manner to withdraw months ago if a medical condition is truly the reason for the now-sought delay.

For these reasons, the Court should deny the fatally-flawed Motion to Withdraw.

Other reasons, however, further demand that the Motion for Continuance be denied. First, as pointed out in Appellees/Cross-Appellants' Brief, some portion of every issue raised by Appellants was either waived in the trial court or waived on appeal for failure to comply with TRAP 38.1(i) by citing no authority for some issues and no cites to the more than 9,000 page record for some issues. *See* TEX. R. APP. P. 38.1(i). New counsel cannot remedy the briefing waiver, and of course, cannot resurrect previously waived error in the trial court. Further, the district court has sanctioned Appellants, among other means, by cutting off their ability to pay attorney's fees from the Estate, including attorney's fees in this appeal. Ex. E; 3rd Supp. CR846. Thus, there is no reason to delay submission to hire new counsel.

Second, in this case, further delay in submission of this case is prejudicial to Appellees/Cross-Appellants. During the course of post-judgment hearings, the

6

district court found that over $1 million was "unaccounted for in Defendant's net worth calculation" while the lawsuit was pending against Appellants.  Ex. F; 1st Supp. CR 283.  Thus, further delay in the appeal subjects Appellees to further collection issues in the event the judgment is ultimately affirmed.

Accordingly, Appellees request that this Court submit the case for oral argument as it is currently set on September 2, 2015. Alternatively, Appellees/Cross-Appellants request that the Court submit the case on the briefs, without oral argument, on September 2, 2015.

For these reasons, Appellees/Cross-Appellants Richard T. Archer, David B. Archer, Carol Archer Bugg, John V. Archer, Karen Archer Ball, and Sherri Archer respectfully request that this Court deny Appellants' Motion to Withdraw and deny Appellants' Motion for Continuance of Oral Argument.  Appellees/Cross-Appellants further request that the Court maintain this appeal on the Court's oral submission docket on September 2, 2015.  Alternatively, Appellees/Cross-Appellants request that the Court submit this appeal on the briefs without oral argument on September 2, 2015.  The Archer Family prays for such other and further relief to which they may be entitled.

Respectfully submitted,

IKARD GOLDEN JONES, P.C.


/s/ *Laurie Ratliff*
Laurie Ratliff
State Bar No. 00784817
Frank N. Ikard, Jr.
State Bar No. 10386000
400 West 15th Street, Suite 975
Austin, Texas 78701
Telephone: (512) 472-6695
Telecopier: (512) 472-3669
laurieratliff@igjlaw.com

ATTORNEYS FOR
APPELLANTS/CROSS-APPELLEES
RICHARD T. ARCHER, DAVID B. ARCHER,
CAROL ARCHER BUGG, JOHN V. ARCHER,
KAREN ARCHER BALL AND SHERRI ARCHER

8

**CERTIFICATE OF SERVICE**

I hereby certify that on the date listed below a copy of *Appellants/Cross-Appellees' Response in Opposition to Motion to Withdraw and Motion for Continuance* was served on the counsel of record listed below via electronic delivery in accordance with the Texas Rules of Appellate Procedure on this 31st day of August 2015:

***Via e-service file and email***
Mr. Gerald D. McFarlen
LAW OFFICE OF GERALD D. MCFARLEN, PC
28 Fabra Oaks Road
Boerne, Texas 78006

*Attorneys for Appellants/Cross-Appellees*
*T. Mark Anderson and Christine Anderson*

/s/  *Laurie Ratliff*
Laurie Ratliff

# Exhibit A



# COURT OF APPEALS

## THIRD DISTRICT OF TEXAS

P.O. BOX 12547, AUSTIN, TEXAS 78711-2547
www.txcourts.gov/3rdcoa.aspx
(512) 463-1733

JEFF L. ROSE, CHIEF JUSTICE                                                              JEFFREY D. KYLE, CLERK
DAVID PURYEAR, JUSTICE
BOB PEMBERTON, JUSTICE
MELISSA GOODWIN, JUSTICE
SCOTT K. FIELD, JUSTICE
CINDY OLSON BOURLAND, JUSTICE

August 4, 2015

Mr. Gerald D. McFarlen                          Ms. Laurie Ratliff
The Law Office of Gerald D. McFarlen, PC        Ikard Golden Jones, P.C.
28 Fabra Oaks Road                              400 West 15th Street, Suite 975
Boerne, TX 78006-2831                           Austin, TX 78701
* DELIVERED VIA E-MAIL *                        * DELIVERED VIA E-MAIL *

RE:     Court of Appeals Number:     03-13-00790-CV
        Trial Court Case Number:     D-1-GN-07-002328

Style:  Appellants, T. Mark Anderson, as Co-Executor of the Estate of Ted Anderson, and
        Christine Anderson, as Co-Executor of the Estate of Ted Anderson// Cross-Appellants,
        David R. Archer, Carol Archer Bugg, John V. Archer, Karen Archer Ball, and Sherri
        Archer
        v. Appellees, Richard T. Archer, David R. Archer, Carol Archer Bugg, John V. Archer,
        Karen Archer Ball, and Sherri Archer// Cross-Appellees,T. Mark Anderson,
        individually and as Co-Executor of the Estate of Ted Anderson, Christine Anderson

Dear Counsel:

        You are hereby notified that the above cause has this day been set for submission and oral
argument on **September 2, 2015 at 9:00 AM**, before Chief Justice Rose, Justices Pemberton and
Field. **Argument is limited to 20 minutes for appellants and for appellees.** Appellants' time
may be divided and a portion used in rebuttal.

        In past cross-appeals, the standard time allotment has been: 10 minutes for appellants'
opening; 15 minutes for appellees/cross-appellants' response and issues on cross-appeal; 10 minutes
for appellants'/cross-appellees' rebuttal and response; and 5 minutes for cross-appellants' rebuttal.

        Upon receipt of this letter, please notify the Clerk, in writing, of your intention to argue this
case before the Court. Counsel should include any alternative agreement on the division of time, if
any. In the event that parties previously requesting oral argument should decide to waive argument,
this should be communicated to the Clerk **well in advance** of the setting date. All attorneys in civil
and criminal cases are required to file all documents (except a document submitted under seal or
subject to a motion to seal) with the Court through the eFileTexas.gov electronic filing system.

        The Court expects counsel to appear at the stated time, prepared to argue without undue
repetition of or reading from the brief, and to respond to questions from the bench.

FILE COPY

Very truly yours,

JEFFREY D. KYLE, CLERK

BY: *E. Talerico*
Liz Talerico, Deputy Clerk

# Exhibit B

ACCEPTED
03-13-00790-CV
5216415
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/8/2015 3:30:06 PM
JEFFREY D. KYLE
CLERK

No. 03-13-00790-CV

| | | |
|---|---|---|
| T. Mark Anderson, as co-executor of the estate of Ted Anderson, and Christine Anderson, as co-executor of the estate of Ted Anderson, Appellants | § § § § § § § § | IN THE THIRD |
| | § | COURT OF APPEALS |
| v. | § § | |
| Richard T. Archer, David B. Archer, Carol Archer Bugg, John V. Archer, Karen Archer Ball, and Sherri Archer, Appellees | § § § § § | AUSTIN, TEXAS |

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/8/2015 3:30:06 PM
JEFFREY D. KYLE
Clerk

## CROSS-APPELLEES' FOURTH MOTION TO EXTEND TIME TO FILE BRIEF

Cross-Appellees ask the Court to extend the time to file their brief.

### A. Introduction

1. Cross-Appellees are T. Mark Anderson, as co-executor of the estate of Ted Anderson, and Christine Anderson, as co-executor of the estate of Ted Anderson. Cross Appellants are Richard T. Archer, David R. Archer, Carol Archer Bugg, John V. Archer, Karen Archer Ball, and Sherri Archer .

2. There is no specific deadline to file this motion to extend time. *See* Tex. R. App. P. 38.6(d).

### B. Argument & Authorities

3. The Court has the authority under Texas Rule of Appellate Procedure

38.6(d) to extend the time to file a brief.

4. Cross-Appellees brief is due on May 8, 2015.

5. Cross-Appellees request an extension to file their brief, extending the time until May 22, 2015.

7. Cross-Appellees need additional time to file their brief for the following reasons:

Personal and family medical problems have interfered with counsel's ability to complete the brief. Attached as exhibit A is a letter from counsel's physician. Counsel has made arrangements for assistance with his solo practice because of these health problems.

8. No further extensions will be requested.

## C. Certificate of Conference

9. Prior to filing this motion, counsel for Cross-Appellees contacted counsel for Cross-Appellants to discuss this matter, and Appellees oppose this extension.

## D. Conclusion

10. For the above reasons, Cross-appellees ask the Court to grant an extension of time to file their brief until May 22, 2015.

Respectfully submitted,

**THE LAW OFFICE OF
GERALD D. MCFARLEN, PC**
28 Fabra Oaks Road
Boerne, TX 78006
Phone: (830) 331-8554
Fax: (210) 568-4305
Email: *gmcfarlen@mcfarlenlaw.com*


BY: /s/ Gerald D. McFarlen
GERALD D. McFARLEN
State Bar No. 13604500

ATTORNEYS FOR CROSS APPELLEES


## Verification

On the 8th day of May, personally appeared Gerald D. McFarlen, who, being first duly sworn, upon his oath stated he is the attorney for Cross-appellees, that he is familiar with the facts stated in the above motion, and they are within his knowledge and true and correct.

_____
Gerald D. McFarlen


Subscribed and sworn to before me this 24th day of September, 2014.

_____
Notary Public

NITA MASTIN
Notary Public
STATE OF TEXAS
My Comm. Exp. 01/27/2017

## CERTIFICATE OF SERVICE

I do hereby certify that on the 8th day of May, 2015, a true and correct copy of the foregoing motion was furnished to all counsel of record in accordance with the Texas Rules of Civil Procedure.

Laurie Ratliff
Ikard, Golden, Jones, P.C.
400 West 15th Street, Suite 975
Austin, Texas 78701
ATTORNEYS FOR APPELLEES/CROSS APPELLANTS

/s/ Gerald D. McFarlen
GERALD D. McFARLEN

# Christopher B. Ticknor, MD

1202 E. Sonterra Blvd, Suite 202
San Antonio, Texas   78258
Ph: 210.692.7775    fax:  210.615.6966


Re:  Gerald D. McFarlen                                                    May 8, 2015


To Whom This May Concern:

Mr. Gerald McFarlen is a patient under my medical care.  His medical conditions have recently made necessary diagnostic medical tests and changes in medications.

I would respectfully request that he be accommodated in having additional time to meet deadlines in his practice of law as his conditions,  required medical treatment and care necessitate some degree of interference with his usual activities and time schedule.

If you have questions, please do not hesitate to contact me.  Thank you for your consideration.


Sincerely,

        Signed electronically.


Christopher B. Ticknor, M.D.

# Exhibit C

FILE COPY



# COURT OF APPEALS

## THIRD DISTRICT OF TEXAS

P.O. BOX 12547, AUSTIN, TEXAS 78711-2547
www.3rdcoa.courts.state.tx.us
(512) 463-1733

J. WOODFIN JONES, CHIEF JUSTICE
DAVID PURYEAR, JUSTICE
BOB PEMBERTON, JUSTICE
JEFF L. ROSE, JUSTICE
MELISSA GOODWIN, JUSTICE
SCOTT K. FIELD, JUSTICE

JEFFREY D. KYLE, CLERK

March 18, 2014

Mr. Gerald D. McFarlen
1001 S Main St Ste 2
Boerne, TX 78006-2831
* DELIVERED VIA E-MAIL *

Ms. Laurie Ratliff
Ikard Golden Jones, P.C.
400 West 15th Street, Suite 975
Austin, TX 78701
* DELIVERED VIA E-MAIL *

RE:     Court of Appeals Number:     03-13-00790-CV
        Trial Court Case Number:     D-1-GN-07-002328

Style:  Appellants, T. Mark Anderson, as Co-Executor of the Estate of Ted Anderson, and
        Christine Anderson, as Co-Executor of the Estate of Ted Anderson// Cross-Appellants,
        David R. Archer, Carol Archer Bugg, John V. Archer, Karen Archer Ball, and Sherri
        Archer
        v. Appellees, Richard T. Archer, David B. Archer, Carol Archer Bugg, John V. Archer,
        Karen Archer Ball, and Sherri Archer// Cross-Appellees, Douglass Hearne, T Mark
        Anderson, individually and as Co-Executor of the Estate of Ted Anderson, Christine
        Anderson,

Dear Counsel:

        This Court received the attached suggestion of bankruptcy on February 21, 2014. The Court
requests that the parties file a response as to how this suggestion of bankruptcy affects the appeal, if
at all. Please file your response with the Clerk of this Court on or before **March 28, 2014**.

                                        Very truly yours,

                                        JEFFREY D. KYLE, CLERK

                                        BY: *E. Talerico*
                                            Liz Talerico, Deputy Clerk

# Exhibit D

CAUSE NO. D-1-GN-07-002328

| | | |
|---|---|---|
| RICHARD T. ARCHER, DAVID R. ARCHER, CAROL ARCHER BUGG, JOHN V. ARCHER, KAREN ARCHER BALL, AND SHERRI ARCHER, Plaintiffs | § § § § § § | IN DISTRICT COURT |
| | § | 345th JUDICIAL DISTRICT |
| v. | § § | |
| DOUGLASS HEARNE, T. MARK ANDERSON, Individually and as co-Executor of the estate of Ted Anderson, CHRISTINE ANDERSON, as co-Executor of the estate of Ted Anderson, And RICHARD LESHIN, Defendants | § § § § § § § § | TRAVIS COUNTY, TEXAS |

## NOTICE OF FILING OF BANKRUPTCY COURT DISMISSAL

TO THE HONORABLE JUDGE OF SAID COURT:

Please be advised that on July 7, 2014, the United States Bankruptcy Court for the Southern District of Texas Corpus Christi Division signed its Order Dismissing Bankruptcy Case in *In re Peggy M. Anderson, debtor,* Case No. 14-20054. The Order is attached to this Notice.

IKARD GOLDEN JONES, P.C.
Frank N. Ikard, Jr.
State Bar No. 10386000
Laurie Ratliff
State Bar No. 00784817
Lauren K. Davis
State Bar No. 24059657
400 West 15th Street, Suite 975
Austin, Texas 78701
(512) 472-6695
(512) 472-3669 facsimile
LaurieRatliff@igjlaw.com

/s/ *Laurie Ratliff*
Laurie Ratliff

*ATTORNEYS FOR PLAINTIFFS*

**Notice of Filing of Bankruptcy Court Dismissal – page 1**

843

# CERTIFICATE OF SERVICE

I hereby certify that, in accordance with Rule 21a of the Texas Rules of Civil Procedure, a true and correct copy of the above and foregoing instrument has been forwarded to the following counsel of record and interested parties, as indicated below, on the 11th day of July, 2014.

*Via email*
Mr. Gerald D. McFarlen
Law Office of Gerald D. McFarlen, PC
P. O. Box 1469
1001 South Main #2
Boerne, Texas 78006

*Attorneys for Defendants T. Mark Anderson
and Christine Anderson*

/s/ *Laurie Ratliff*
Laurie Ratliff

T:\ARCHER 3 2007 TORTIOUS INTERFERENCE\ANDERSON COLLECTIONS\Notice of Filing of Bankruptcy Court Dismissal.doc

**Notice of Filing of Bankruptcy Court Dismissal – page 2**



**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

**ENTERED**
**07/07/2014**

| | | |
|---|---|---|
| IN RE: | § | |
| **PEGGY M. ANDERSON** | § | **CASE NO: 14-20054** |
| Debtor(s) | § | |
| | § | **CHAPTER 11** |

## ORDER DISMISSING BANKRUPTCY CASE

Pursuant to the Court's ruling at the status hearing held in this case on June 16, 2014, the

Court finds that the case should be dismissed.

It is therefore ORDERED that Case No 14-20054 is hereby **DISMISSED**.

SIGNED 07/07/2014.

Richard S. Schmidt
United States Bankruptcy Judge

1 / 1

# Exhibit E

CAUSE NO. D-1-GN-07-002328

| | | |
|---|---|---|
| RICHARD T. ARCHER, DAVID R. | § | IN DISTRICT COURT |
| ARCHER, CAROL ARCHER BUGG, | § | |
| JOHN V. ARCHER, KAREN ARCHER | § | |
| BALL, AND SHERRI ARCHER, Plaintiffs | § | |
| | § | 345th JUDICIAL DISTRICT |
| v. | § | |
| | § | |
| DOUGLASS HEARNE, T. MARK | § | |
| ANDERSON, Individually and as co- | § | |
| Executor of the estate of Ted Anderson, | § | |
| CHRISTINE ANDERSON, as co- | § | |
| Executor of the estate of Ted Anderson, | § | |
| And RICHARD LESHIN, Defendants | § | TRAVIS COUNTY, TEXAS |

Filed in The District Court
of Travis County, Texas

JUL 17 2014

At ___9:58___ A.M.
Amalia Rodriguez-Mendoza, Clerk

## ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR SANCTIONS

On the 20th day of June 2014, came on for hearing, *Plaintiffs' Motion for Sanctions Against Mark Anderson.* Having considered the motion, response, evidence, and arguments of counsel, the Court is of the opinion that the motion for sanctions should be GRANTED in part and remain pending in part.

The Court finds that Mark Anderson violated this Court's December 20, 2013 *Order Granting Plaintiffs' First Amended Motion to Enjoin Dissipation of Assets to Avoid Satisfaction of the Judgment* ("No Dissipation Order") by disbursing a $75,000 attorney's fees retainer from the Ted M. Anderson Estate.

The Court finds that the conduct described above significantly interferes with this Court's core function of enforcing its judgments by preserving the assets of the Ted M. Anderson Estate pending appeal.

Under this Court's inherent authority, the Court has considered lesser sanctions and finds that any lesser sanction than those awarded below would not promote compliance

846

with this Court's future orders and would not protect this Court's ability to enforce its judgment by preserving the assets of the Ted M. Anderson Estate pending appeal.

IT IS THEREFORE ORDERED that as of June 20, 2014, Defendants are enjoined from paying, from causing to be paid, or from allowing to be paid, any further attorney's fees or litigation expenses from the Estate of Ted Anderson or from Peggy Anderson's community assets or from any entity in which the estate or Peggy Anderson have an interest that are charged or incurred in this case, in any appeal of the Final Judgment in this case, or any other legal proceeding related to this case, including but not limited to the bankruptcy proceeding styled, *In re Peggy M. Anderson, Debtor*, Case No. 14-20054 Chapter 11, in the United States Bankruptcy Court Southern District of Texas, Corpus Christi Division.

IT IS FURTHER ORDERED that *Plaintiffs' Motion for Sanctions Against Mark Anderson* remains pending until further Order of this Court; this Court reserves imposing further sanctions.

Signed this __17__ day of ~~June~~ July 2014.

Judy Naranjo

The Honorable Orlinda Naranjo
Judge Presiding

847

# Exhibit F

Notice sent.  Final  Interlocutory  None
Disp Parties:___ _____ __
Disp code:  CVD , CLS _____
Redact pgs: 1
Judge____ QLN _____ Clerk___ AJ ____

DC          BK14003 PG152

CAUSE NO. D–1-GN-07-002328

RICHARD T. ARCHER, DAVID R.        §
ARCHER, CAROL ARCHER BUGG,         §
JOHN V. ARCHER, KAREN ARCHER       §
BALL, AND SHERRI ARCHER, Plaintiffs §
                                   §        IN DISTRICT COURT
                                   §
                                   §        345th JUDICIAL DISTRICT
v.                                 §
                                   §
                                   §
DOUGLASS HEARNE, T. MARK           §
ANDERSON, Individually and as co-  §
Executor of the estate of Ted Anderson, §
CHRISTINE ANDERSON, as co-         §
Executor of the estate of Ted Anderson, §
And RICHARD LESHIN, Defendants     §        TRAVIS COUNTY, TEXAS

## ORDER DENYING DEFENDANTS' MOTION TO FIX AMOUNT OF SECURITY AND ORDER SUSTAINING PLAINTIFFS' CONTEST TO DEFENDANTS' NET WORTH AFFIDAVIT

On the 12th day of December 2013, came on for hearing, *Defendants, T. Mark Anderson, as Co-Executor of Estate of Ted Anderson, and Christine Anderson, as Co-Executor of the Estate of Ted. M Anderson's Motion to Fix Amount of Security* and *Plaintiffs' First Amended Response to Defendants' Motion to Fix Amount of Security and Contest of Judgment Debtor's Net Worth Affidavit*.  Having considered the motion, response, evidence, and arguments of counsel, the Court is of the opinion that the motion to fix bond should in all things be DENIED and Plaintiffs' contest to Defendants' net worth affidavit SUSTAINED.

IT IS THEREFORE, ORDERED that *Defendants, T. Mark Anderson, as Co-Executor of Estate of Ted Anderson, and Christine Anderson, as Co-Executor of the Estate of Ted. M Anderson's Motion to Fix Amount of Security* is DENIED.

283

IT IS FURTHER ORDERED that *Plaintiffs' Contest of Judgment Debtor's Net Worth Affidavit* is SUSTAINED.

IT IS FURTHER ORDERED that the assets subject to the claims against Ted M. Anderson and his estate include both halves of the joint community estate and Ted's special community property, all herein after referred to as the "Estate of Ted M. Anderson."

In support of this Court, the Court finds the following:

Ted M. Anderson and Peggy Anderson were married at the time of Ted's death.

Plaintiffs' calculation using Defendants' federal estate and income tax returns' assets, values, and income, and deducting the allowable expenses, establishes the net worth of the Estate of Ted M. Anderson.

Plaintiffs' calculation revealed $1,078,908 in estate assets that were unaccounted for in Defendant's net worth affidavit.

Defendants' net worth affidavit is not credible and fails to accurately set out the assets in the Estate of Ted M. Anderson.

~~Defendants failed to explain the $1,078,908 in unaccounted for assets as Plaintiffs' calculation revealed.~~

The net worth of the Estate of Ted M. Anderson is $4,061,528.

One-half of the net worth of the Estate of Ted M. Anderson is $2,030,764.

IT IS THEREFORE ORDERED that Defendants must file a bond in the amount of

$2,030,764 no later than December 20, 2012.

Signed this _20_ day of December 2013.

_____
The Honorable Orlinda Naranjo
Judge Presiding